SOUTH SIDE REALTY COMPANY, Respondent,
v. ST. LOUIS & SAN FRANCISCO RAILROAD
COMPANY, Appellant.

St. Louis Court of Appeals.  Argued and Submitted June 4, 1912.
Opinion Filed February 4, 1913.

1. APPELLATE PRACTICE: Failure to Prosecute Appeal: Dis-
missal of Appeal. In an action in three counts, the finding
was for defendant on two counts and for plaintiff on the other,
and both parties appealed. Defendant filed an abstract of the
record on its appeal, and plaintiff filed a supplemental abstract,
setting out the verdict and reciting that he filed a motion for a
new trial, which was overruled, and was granted an appeal. He
also filed a "motion for leave to assign cross-errors." These
were the only documents filed by him in the appellate court.
*Held*, that plaintiff did not prosecute his cross-appeal, in com-
pliance with the statutes and rules of the court, and that it
should, therefore, be dismissed.

2. OPINION OF SPRINGFIELD COURT OF APPEALS
ADOPTED. The opinion of the Springfield Court of Appeals in
this case (154 Mo. App. 364) is adopted as the opinion of the
court.

Appeal from Cape Girardeau Court of Common Pleas.
—*Hon. R. G. Ranney,* Judge.

REVERSED AND REMANDED.

*W. F. Evans* and *Moses Whybark* for appellant.

*M. A. Dempsey* and *Frank Kelly* for respondent.

REYNOLDS, P. J.—The appeal in this case was originally taken to this court from the Cape Girardeau Court of Common Pleas, transferred to the Springfield Court of Appeals under what is now section 3939, Revised Statutes 1909, and on the Supreme Court declaring that section unconstitutional, transferred back to this court. The Springfield Court of Appeals, in an opinion by Judge NIXON, reversed and remanded the cause. [See South Side Realty Co. v. St. Louis & San Francisco R. Co., 154 Mo. App. 364, 134 S. W. 1034.]

It will be noticed in the statement made by Judge NIXON that plaintiff attempted a cross-appeal but that the Springfield Court of Appeals held that no cross-appeal had been perfected by plaintiff, that consequently it had no appeal pending in that court, and that the only course open to the court was to dismiss the plaintiff's abortive appeal. After the case came back to this court from the Springfield Court of Appeals plaintiff filed what is designated "a motion to assign cross-error." That motion is as follows: "The respondent moves for leave to assign the following cross-errors, namely: The court erred in overruling the motion for new trial, filed by the South Side Realty Company." Beyond this plaintiff filed nothing our court; took no steps whatever to perfect any appeal. The case reached here from the Springfield Court of Appeals and was docketed on the 14th of March, 1911. It was on the call docket for June 10, 1911, continued from term to term until finally dock·

eted for hearing June 4, 1912, on which latter date it was argued and submitted. Plaintiff has filed no bill of exceptions in this court, the only bill of exceptions before us not purporting to be a joint bill of exceptions, nor has it filed any bill of exceptions of its own. It is true that it had filed in the Springfield Court of Appeals what it calls a supplemental abstract of the record and that is also on file with us. Looking into that we find that the only matters in it are these: The verdict of the jury in following form:

"We, the jury, find the issues for the plaintiff, and assess his damages as follows:

> No dollars on the first count.
> No dollars on the second count.
> $1000 on the third count."

This is signed by the foreman. Below this is what is undoubtedly a form of verdict that was submitted to the jury by the court which reads:

"We, the jury, find the issues herein for the defendant as follows:

> ~~On the first count~~
> ~~On the second count~~
> ~~On the third count.~~"

This is not signed by anyone and a line is drawn through as shown, indicating that the jury or the court had struck them out. It further appears by this supplemental abstract that on the same day upon which verdict was rendered, plaintiff filed its motion for a new trial which was overruled. No exceptions are noted. The motion is set out in full. Then follows this: "Now comes the plaintiff herein, by attorney, and files his affidavit for a cross-appeal in the cause and the court being satisfied that the same should be granted, orders said appeal granted to the St. Louis Court of Appeals. It is further ordered that said plaintiff be granted ninety days in which to file its bill of exceptions." Looking at the abstract of the record furnished and filed by the defendant, we find a motion

for new trial filed by defendant set out in full, the entry showing that it was overruled and exception duly saved, motion in arrest filed by defendant set out in full, overruled and exception duly saved by defendant. Following this is the prayer and affidavit of defendant for an appeal to this court, an order granting the appeal, fixing the amount of the bond at $3000, and granting defendant ten days to file the bond and ninety days in which to file its bill' of exceptions and awarding a *supersedeas.* On the application of defendant it was granted an extension of time to file its bill of exceptions and within the time of the last extension appears this: "And the defendant now here presents to the court this, its bill of exceptions, and prays that the same may be signed and sealed by the court, ordered filed, filed, and made a part of the record in this cause, which is hereby accordingly done this first day of November, 1909." In due time defendant filed a certified copy of the judgment together with a certified copy of the order granting the appeal.

Thus it will be seen that while the plaintiff prayed an appeal, it never tendered any bill of exceptions. More than this, neither by plaintiff's own supplemental abstract, nor in any paper of abstract before us, does it anywhere appear that plaintiff saved any exception of any kind either to action of the court on instructions or to overruling its motion for a new trial. Beyond this supplemental abstract that we have referred to and this so-called "motion to assign cross-error," or, even call it an assignment of cross-error, plaintiff has filed nothing in this court. It is true that plaintiff shows by its supplemental abstract that it has taken an appeal. But it stopped there and has not prosecuted it. With every disposition to treat parties with liberality and so avoid throwing anyone out of court on naked technicalities, we are compelled to hold that plaintiff has not complied with either the statutes or the rules of this court and must be held

not to have prosecuted its appeal; for that reason its appeal is dismissed.

Referring to the case on its merits, we accept the statement of facts and conclusions of law thereon set out by Judge Nixon and before referred to as correct, and adopt them as the statement of facts and conclusions of law of this court.

The judgment of the Cape Girardeau Court of Common Pleas in this case is reversed and the cause remanded for further proceedings. *Nortoni* and *Allen*, *JJ.*, concur.